USDC IN/ND case 2:25-cv-00500-JEM document 2 filed 09/08/25 page 1 of 5

64D02-2509-PL-010044
Porter Superior Court 2

Filed: 9/8/2025 2:25 PM
Clerk
Porter County, Indiana

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE PORTER SUPERIOR COURT |
| | ) SS: | | |
| COUNTY OF PORTER | ) | | SITTING AT VALPARAISO, INDIANA |

| | | |
|---|---|---|
| THEODORE SULLIVAN, | ) | CAUSE NO. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PILLARS OF WELLNESS, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

The plaintiff, Theodore Sullivan, by counsel, HARRIS WELSH & LUKMANN, by Charles F.G. Parkinson, for his cause of action against defendant, Pillars of Wellness, Inc., states as follows:

1. The plaintiff, Theodore Sullivan ("Sullivan"), is a resident of Porter County, Indiana.

2. The defendant, Pillars of Wellness, Inc. ("Pillars"), is an Indiana corporation with its principal office located in Schererville, Lake County, Indiana. Pillars operates mental health counseling facilities throughout Northwest Indiana, including facilities within Porter County, Indiana.

3. Sullivan is currently employed by Pillars but has been provided a letter by Pillars which indicates that his employment will be terminated on September 17, 2025.

4. Currently and throughout the course of his employment with Pillars, Sullivan has been an "employee" as such term is defined by Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. §2000e(f).

5. Currently and during the course of his employment, Pillars has been Sullivan's "employer" as such term is defined in 42 U.S.C. §2000e(b).

6. Sullivan has met all jurisdictional prerequisites to filing this lawsuit.

1

7. On June 3, 2025, Sullivan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Pillars under charge number 470-2025-03993 (the "Charge"). A true and accurate copy of the Charge is attached to this Complaint as Exhibit "A".

8. The EEOC investigated the Charge.

9. On or about June 10, 2025, the EEOC determined that it would proceed no further with its investigation of the Charge and issued a Determination and Notice of Rights ("Notice") in the Charge, a copy of which Notice is attached to this Complaint as Exhibit "B" and incorporated herein.

10. Ninety (90) days have not yet elapsed since the Notice was issued, and all conditions precedent to the filing of this Complaint have been performed or have occurred.

## COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11. Sullivan is a qualified individual with a disability, that being attention deficit hyperactivity disorder ("ADHD").

12. Sullivan is qualified to perform all of the essential functions of his job with Pillars with or without reasonable accommodations.

13. Pillars was made aware of Sullivan's disability at or near the time of his hiring.

14. Despite being made aware of Sullivan's disability and the need for reasonable accommodation, Pillars failed to engage in meaningful discussions with Sullivan about accommodating her disability.

15. Rather than make reasonable accommodations for Sullivan's disability, Pillars placed Sullivan on a performance improvement plan ("PIP") which had the effect of not only denying Sullivan a reasonable accommodation but also caused Sullivan emotional distress.

16. Further, Pillars refused to engage in the interactive process required of employers when presented with a need for reasonable accommodation.

2

17. Further, Pillars unreasonably required Sullivan to present proof of his disability from his physician when such disability was known to Pillars, the effect of which was to interfere with and deny Sullivan's rights under the Americans with Disabilities Act.

18. Pillars' refusal and failure to accommodate Sullivan's disability is a violation of the Americans with Disabilities Act, specifically 42 USC 12112(b)(5).

19. Pillars' refusal to engage in the interactive process in good faith with Sullivan amounted to a denial of accommodation in violation of 42 USC 12112(b)(5).

20. Sullivan has been damaged by Pillars' failure and refusal to accommodate his disability.

21. Sullivan's damages include lost wages, lost wage increases, a loss of employment advancement, and lost benefits. Sullivan has also been emotionally damaged by Pillars' failure and refusal to accommodate his disability.

22. Sullivan has and will incur attorney's fees as a result of Pillars' failure and refusal to accommodate his disability.

23. Pillars' behavior is sufficiently egregious as to warrant punitive damages to punish such actions and to deter such actions in the future.

WHEREFORE, plaintiff demands judgment in his favor and against Pillars on Count I of his Complaint and seeks an award of compensatory and punitive damages, costs and attorney's fees and all other just and proper relief.

## COUNT II: BREACH OF CONTRACT

1-23. Sullivan incorporates the allegations set forth in paragraphs 1-23.

24. Sullivan and Pillars entered into an Employment Agreement on March 5, 2024, a copy of which is attached to this Complaint as Exhibit "C".

25. The Employment Agreement provides for payment of an annual salary by Pillars to Sullivan.

26. The Employment Agreement also provides for Pillars to provide Sullivan with certain other benefits of employment, including paid time off ("PTO"), which would accrue at the rate of 1.25 hours for every pay period.

27. The Employment Agreement provides that it "may not be amended or modified except by an express written agreement" signed by Sullivan and Pillars.

28. In September, 2024, Pillars purported to amend and modify the payment and benefit terms of the Employment Agreement.

29. Sullivan never signed any express written agreement to amend or modify the terms of the Employment Agreement.

30. After the purported unilateral amendment and modification in September, 2024, Pillars began paying Sullivan contrary to the terms of the Employment Agreement.

31. After the purported unilateral amendment and modification in September, 2024, Pillars failed to provide Sullivan with PTO.

32. Pillars' failure to abide by the terms of the Employment Agreement after the purported unilateral amendment and modification in September, 2024, constitutes a breach of the Employment Agreement.

33. Sullivan has been damaged by Pillars' breach of the Employment Agreement, which damage includes, but is not limited to, lost wages and lost PTO.

WHEREFORE, Sullivan demands judgment in his favor and against Pillars on Count II of his Complaint and seeks an award of compensatory damages, costs, and all other just and proper relief.

Respectfully submitted,

*/s/ Charles F.G. Parkinson*
Charles F.G. Parkinson, Atty# 21043-64
HARRIS WELSH & LUKMANN
107 Broadway
Chesterton, Indiana 46304
Telephone: 219/ 926-2114
Facsimile: 219/ 926-1503
Email: cparkinson@hwllaw.com

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Charles F.G. Parkinson*
Charles F.G. Parkinson, Atty# 21043-64
HARRIS WELSH & LUKMANN
107 Broadway
Chesterton, Indiana 46304
Telephone: 219/ 926-2114
Facsimile: 219/ 926-1503
Email: cparkinson@hwllaw.com